REDMANN, Judge,
dissenting.
The true and terrible problem for the residents of the area of plaintiffs’ bar is that of far, far too many patrons for the several bars in the immediate vicinity. These bars are extremely popular with the neighboring university students, gau-deantes, juvenes dum sunt. The residents no doubt need some relief.
Parking four more cars off-street is not a relief from the problem of 400 carousing students and four beers too many and 400 chairs and 40 toilets too few. Yet parking space requirements are legitimate and plaintiffs must meet them, just as every other bar in the area must meet them. And plaintiffs did so by compliance with the City’s standard procedure of having a plan drawn of the parking area subdividing it into spaces totalling the required number.
Plaintiffs were entitled to the use and occupancy certificate on the basis of their architect’s plan showing the required number of parking places, under the City’s standard procedure. Unless the City proved that the architect’s plan was mistaken, it cannot refuse plaintiffs the equal treatment it gives everyone else.
*576 The City could, indeed, require, and the trial judge did order, plaintiffs to “have that [parking-obstructing] sign removed, to have the parking lot striped properly in order to afford several more parking spaces in that area.” The court’s offhand reference to parking being short four to seven spaces was a reference to the actual situation with the sign preventing maximum parking. With the “several more parking spaces,” according to the architect’s plan which is not disproved as to either its measure or its layout, the parking requirement is met.
The judgment should be affirmed.